# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMAL D. DIXIE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CAUSE NO. 1:17-cv-00483-SLC |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Nancy A. Berryhill Acting Commissioner of Social Security*, | ) ) ) ) ) |
|     Defendant. | ) ) |

## OPINION AND ORDER

On May 17, 2018, the Commissioner of Social Security filed an agreed motion to reverse the Social Security Administration's decision regarding a denial of benefits to Plaintiff Jamal Dixie and to remand this case for further administrative proceedings. (DE 16). On June 5, 2018, this Court entered an Order granting that motion (DE 17), and the Clerk entered a judgment for the same (DE 18).

On June 8, 2018, Dixie filed a motion for an award of expenses and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $11,385. (DE 19). In response, the Commissioner filed a joint stipulation in which the parties agreed to an award under the EAJA in the amount of $10,700. (DE 22).

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of

> the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner concedes that an award of $10,700 is appropriate for Dixie.

Therefore, Dixie's motion for an award of EAJA fees (DE 19) is GRANTED in the amount of $10,700 as set out in the joint stipulation filed by the Commissioner (DE 22). Accordingly, it is ORDERED that an award of attorney's fees in the sum of $10,700 shall be paid by the Commissioner to Dixie. Any fees paid belong to Dixie and not his attorney and may be offset to satisfy any pre-existing debt that Dixie owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). If counsel for the Commissioner can verify that Dixie does not owe any pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Dixie's counsel pursuant to the Federal District Court Fee Agreement (DE 20-1) executed by Dixie and his counsel.

SO ORDERED.

Entered this 5th day of July 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge